UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-490 CAS (JEMx) | Date | May 18, 2012 |
|---|---|---|---|
| Title | CARLOS ABASCAL v. UNITED STATES GOVERNMENT | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  **(In Chambers:) PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER** (filed 4/20/2012)

**PLAINTIFF'S APPLICATION TO PROCEED USING A PSEUDONYM** (filed 4/20/2012)

**PLAINTIFF'S MOTION FOR RECONSIDERATION** (filed 4/20/2012)

**ORDER DISCHARGING OSC**

## I.   INTRODUCTION

On April 4, 2012, pro se plaintiff Carlos Abascal filed the instant action against the United States along with an application to file the complaint under seal. On April 12, 2012, plaintiff filed an application for a temporary restraining order ("TRO"). Plaintiff alleges that he has been subjected to various physical and psychological harms brought on by the government and seeks to enjoin any future violations of his constitutional rights. See generally complaint.

By order dated April 20, 2012, the Court denied plaintiff's application for a TRO on the grounds that plaintiff has not shown a likelihood of success on his theory that the United States has caused the harms alleged and that plaintiff failed to demonstrate a cognizable legal theory. See Dkt. No. 4. The Court also ordered the government to show cause why it had not responded to the TRO application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA   O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-490 CAS (JEMx) | Date | May 18, 2012 |
|---|---|---|---|
| Title | CARLOS ABASCAL v. UNITED STATES GOVERNMENT | | |

On May 10, 2012, the government filed a response to the Court's OSC, stating that it failed to respond because "there is no record of any service, proper or otherwise, of summons or complaint in the above entitled action." Dkt. No. 12 at 3. Because good cause has been shown, the Court hereby DISCHARGES the OSC.

On April 20, 2012, plaintiff filed a second TRO application, along with a motion for reconsideration of the Court's order denying his request to file the complaint under seal and an ex parte application to proceed under a pseudonym.

The Court finds that plaintiff has failed to properly serve the United States. Fed. R. Civ. P. 4(i)(1) provides, in pertinent part:

(i)    Serving the United States and Its Agencies, Corporations, Officers, or Employees.

    (1) United States. To serve the United States, a party must:

        (A)   (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

            (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

        (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Fed. R. Civ. P. 4(i)(1).

Here, plaintiff has provided a sworn declaration that he sent copies of the summons, complaint, and TRO application "in a sealed envelope, by express mail with return receipt" to the Office of the Attorney General located at 950 Pennsylvania Ave, N.W., Washington, D.C., 20530-0001, and to the U.S. Attorney for the Central District of California addressed to Andre Birotte Jr. at 312 N. Spring St., Los Angeles, CA, 90012." However, proper service by mail on the United States Attorney must be addressed to the civil process clerk. See Fed. R. Civ. P. 4(i)(A)(ii) and Advisory Committee Notes, 1993

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-490 CAS (JEMx) | Date | May 18, 2012 |
|---|---|---|---|
| Title | CARLOS ABASCAL v. UNITED STATES GOVERNMENT | | |

Amendment, Subdivision (i) thereto ("To assure proper handling of mail in the United States Attorney's office, the authorized mail service must be specifically addressed to the civil process clerk of the office of the United States Attorney."). Plaintiff has not done so here, and the government has no record of any service, proper or otherwise, of a copy of the summons and complaint in this action. See Declaration of Patricia Myles ("Myles Decl.") ¶¶ 3, 4.

Accordingly, plaintiff's application for a TRO is DENIED subject to renewal after proper service of the summons and complaint has been effectuated.

The Court further DENIES plaintiff's motion for reconsideration of its order denying plaintiff's application to file the complaint under seal. "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Comm'ns, Inc., 435 U.S. 589, 597 (1978). This "strong presumption of access" may be overcome only if the "disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting EEOC v. Erection Co., Inc., 900 F2d 168, 170 (9th Cir. 1980)); see also id. (court may decide to preclude public access to documents "only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture"). Plaintiff has not offered any reasons for why the "strong presumption of access" should be overcome in light of the fact that this action does not involve information that might be misappropriated by a nonparty.

Finally, the Court concludes that plaintiff shall be permitted to use his initials C.A. in all future filings in lieu of his name.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |